UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT DAVID NEAL, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 2:13-cv-199-JMS-WGH |
| ) | |
| JOHN C. OLIVER, ) | |
| ) | |
| Respondent. ) | |

**Entry Directing Further Proceedings**

Habeas petitioner Robert David Neal seeks relief pursuant to 28 U.S.C. ' 2241. This means that he is required to exhaust his available administrative remedies. *See Greene v. Meese,* 875 F.2d 639, 640 (7th Cir. 1989) (A[T]he requirement of exhaustion is judge made for federal [habeas corpus cases] . . . but is a requirement nonetheless.@) (internal citations omitted). The Federal Bureau of Prisons ("BOP") provides an administrative remedy process through which BOP inmates may seek formal review of an issue relating to any aspect of their confinement. *See* 28 C.F.R. ' 542.10. In order to exhaust available administrative remedies within this system, an inmate must proceed through four levels: (1) an attempt at informal resolution; (2) a formal written request to the Warden for an administrative remedy; (3) an appeal to the Regional Director of the region where the inmate is confined; and (4) an appeal to the General Counsel. *See* 28 C.F.R. ' ' 542.13-542.15. The appeal to the General Counsel completes the administrative remedy process. *See* 28 C.F.R. ' 542.15(a).

The procedure just described is referenced in paragraph 8 of the form habeas petition which has been filed in this case. In that petition, Neal states that he filed an appeal from a grievance concerning the challenged disciplinary proceeding, but did not file a further and final

appeal because a timely response to the first appeal was not made. He states that from this non-response his opportunity to proceed through the conclusion of the grievance process was truncated. The premise of this statement is that he was unable to file a further appeal because of the absence of a timely response to his first appeal.

The premise of Neal's explanation for not completing the appeals process is incorrect. The administrative remedy procedure of the BOP addresses the scenario in which an inmate who has filed a grievance does not receive a timely response. It does so by providing that if the inmate does not receive a response within the time allotted for reply, including extension (20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level), the inmate may consider the absence of a response to be a denial. *See* 28 C.F.R. § 542.18.

The foregoing suggests that Neal may have filed this action prematurely, *i.e.,* before he had completed the administrative remedy process available to him. He shall have **through September 4, 2013**, in which to address the foregoing and to show cause why the action should not be dismissed without prejudice.

The petitioner shall also have **through September 4, 2013,** in which to either pay the $5.00 filing fee or demonstrate his financial inability to do so.

 IT IS SO ORDERED.

Date: 08/14/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT DAVID NEAL
15151-180
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808