UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT DAVID NEAL, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 2:13-cv-199-JMS-WGH |
| ) | |
| JOHN C. OLIVER, ) | |
| ) | |
| Respondent. ) | |

**E N T R Y**

The *Amended Complaint, Lodgment of Void Order and Demand for Nisi Ex Delicto Ex Contractu* filed on January 9, 2014, has been considered.

- The contention that the Entry of December 26, 2013, is void is **rejected.** "A void judgment is one which, from its inception, was a complete nullity and without legal effect." *United States v. Zima,* 766 F.2d 1153, 1159 (7th Cir. 1985). A judgment is not void unless the court that rendered it lacked jurisdiction or acted in a manner inconsistent with due process of law. *Margoles v. Johns,* 660 F.2d 291, 295 (7th Cir. 1981), *cert. denied,* 455 U.S. 909 (1982). Those conditions do not describe character of the Entry issued on December 30, 2013.

- The lodgment of void order could be construed as Neal's request to reconsider the Entry of December 26, 2013. Even if so, the request would be without merit. *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011)("It is well established that a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered")(citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990)).

- Through the document noted above, petitioner Neal seeks to change the caption to designate himself as "Executor/Employer-Robert-D.-Neal, Creator/Settlor One-of-We-the-People as the United States of America." This mutation is specious. The parties and the caption shall remain as shown in this Entry. Papers submitted in the future without the proper caption may be rejected for filing or, if filed, may be stricken.

- The amended complaint referenced above purports to incorporate the original petition for writ of habeas corpus and to expand the matter to accommodate Neal's standing as a representative of the United States. Consistent with the foregoing, the portion of the amended complaint in which Neal purports to act on behalf of the United States is **ineffective and will be disregarded.**

- The petitioner's "demand for nisi" seeks relief which is not available in an action for a writ of habeas corpus. The "demand for nisi" is therefore **denied.**

- Through the document noted above, petitioner Neal seeks relief (immediate release from custody) not even sought in the initial petition for writ of habeas corpus. If the petitioner seeks his outright release from the custody of the Federal Bureau of Prisons and seeks to use 28 U.S.C. § 2241(c)(3) to do so he must do so through the filing of a new action.

Lest there be any doubt, the *Amended Complaint, Lodgment of Void Order and Demand for Nisi Ex Delicto Ex Contractu* filed on January 9, 2014, is frivolous. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)(an action or claim is frivolous if "it lacks an arguable basis either in law or in fact."); *Lee v. Clinton,* 209 F.3d 1025, 1026–27 (7th Cir. 2000)(frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit").  It is therefore in all particulars **DENIED**.

    IT IS SO ORDERED.


Date: _01/16/2014_____

_Signature: Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

ROBERT DAVID NEAL
15151-180
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808